JOHN BARRET, ET AL., *v.* JOHN MOSSIE.

**Landlord and Tenant—Lien of Landlord on Produce.**
    A landlord has a lien on the produce raised by his tenant, and a bona fide purchaser of such produce after its removal from the leased premises is bound to take notice, at his peril, of the existence of such lien.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 2, 1875.

OPINION BY JUDGE LINDSAY:

The General Statutes, Chap. 66, Art. 2, Sec. 13, secures to a landlord "a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one years rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days. But if such property be removed openly from the leased premises, and without

fraudulent intent, and not returned, the lien of the landlord shall be lost as to it, unless the same be asserted by proper procedure within fifteen days from the day of the removal." There is no exception made in case of a removal of the incumbered property from the leased premises, in favor of a bona fide purchaser, as was the case with the 16th section of the 2d article of the 56th chapter of the Revised Statutes.

It must be assumed that this exception was purposely omitted from the General Statutes, and we understand the law as it now exists to require even a bona fide purchaser of property removed from the leased premises to take notice at his peril of the existence of the landlord lien. Such being the law, it results that Barret & Co. took title to the tobacco purchased from Hart, subject to the superior lien of the landlord, Markly.

The latter asserted his lien by proper procedure within fifteen days from the time the tobacco was removed from the leased premises. Barret and Co. could not have the sheriff's levy quashed because it showed that the officer was uncertain as to whether he had levied on the tobacco sold by the tenant, Hart. Appellants refused to point out said tobacco; and having intermingled it with Klien's own property, they cannot complain that the officer may not have been able to identify the tobacco seized as the lot delivered to them by the tenant of the appellee. A landlord's lien cannot thus be defeated.

The proof heard by the circuit court authorized the judgment directing the sale of the tobacco; but we do not think the sheriff's return on the order of sale, to the effect that appellants had refused to surrender the attached property, warranted a judgment in personam against them, in view of the condition of the pleadings in the case.

This return may furnish the basis for a proceeding against appellants for a contempt of the court, or it may be regarded as evidence of a conversion by them of the attached property, and enable the appellee, by amended pleadings, to present a cause of action in his favor against them. But there is now no pleading in the action to support the judgment appealed from. It is, therefore, *reversed,* and the cause is remanded for further proper proceedings.

*Owen & Ellis, for appellants.    W. N. Sweeney, for appellee.*